Judgment in a Criminal Case
Defendant: Thomas Reedy
Case Number: 4:00-CR-054-Y (1)

Judgment -- Page 4 of 4

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2001 OCT -9 PM 4: 32

CLERK OF COURT

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on __10-2-01__ to __FCC BEAUMONT__

at __BEAUMONT, X_____, with a certified copy of this judgment.

United States Marshal

BY _____
   Deputy Marshal

236

criminal\mo.1 page 4

755

```
                      UNITED STATES MARSHALS SERVICE
                          PRISONER TRACKING SYSTEM
                              NORTHERN TEXAS
                           ICT: 77    OFFICE: FTW


                   INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

                           NAME:    REEDY, THOMAS
                           USMS NUMBER: 25673177
```

I. IDENTIFICATION DATA:

   USMS NBR: 25673177    NAME: REEDY, THOMAS

   ADDRESS:  6561 LAKE OAKS CIRCLE    FT WORTH, TX 76108                                    PHONE: 817-237-6842

   DOB: 01/23/1963  AGE: 38  POB: SAN ANGELO, TX        SEX: M  RACE: W  HAIR: BRO  EYE: BRO  HEIGHT: 508   WEIGHT: 135

   SSN: 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  FBI NBR:         ALIEN NBR:

   ACTIVE DETAINERS:              DETAINER DATE    AGENCY
   NONE

   PRISONERS ALIASES:             ALIAS REMARKS:
   NONE

   GENERAL REMARKS:
   129/J&C/PSI MAILED TO CMC THIS DATE
   J&C FAXED TO FMC THIS DATE
   J&C/129 MAILED TO FMC 9/17/01


II. CASE INFORMATION:

   CTR   STATUS            COURT CASE NUMBER      FEDERAL COURT CITY
    1    WT-MOVE           400CR054Y              FORT WORTH

   CTR   JUDGE NAME                               US ATTORNEY NAME              DEFENSE ATTORNEY NAME
    1    MEANS, TERRY

   CTR   ARREST DATE   ARRESTING AGENCY           LOCATION OF ARREST    WARRANT NUMBER
    1    04/12/2000    U.S. POSTAL INSPECTOR      FT WORTH,TX

   CTR   OFFENSE                                  OFFENSE REMARK                               DISPOSITION
    1    (3699) SEX OFFENSE                       SEXUAL EXPLOITATION OF MINORS                CONVICTED

   CTR   SENTENCE DATE   SENTENCE                                      APPEAL DATE
    1    08/06/2001      LIFE SENT/267 MOS SRT/MEANS                   **/**/****

III. STATUS HISTORY

   CTR   STATUS      STATUS DATE    CUSTODY DATE    RELEASE DATE    REMARK
    1    WT-TRIAL    04/13/2000     04/13/2000      **/**/****      7/31/00 130PM
    1    RL-BOND     05/11/2000     **/**/****      05/11/2000      10,000 SURITY
    1    READMIT     12/01/2000     12/01/2000      **/**/****

756

```
                    UNITED STATES MARSHALS SERVICE
                       PRISONER TRACKING SYSTEM
                           NORTHERN TEXAS
                         ICT: 77   OFFICE: FTW


              INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

                       NAME:    REEDY, THOMAS
                       USMS NUMBER: 25673177


    1   WT-SENT    05/14/2001   **/**/****   **/**/****   8/6/01
    1   WT-J/C     08/06/2001   **/**/****   **/**/****   180 MOS/3 YRS SRT
    1   WT-DESIG   09/10/2001   **/**/****   **/**/****
    1   WT-MOVE    09/17/2001   **/**/****   **/**/****   FCI (M) BEAU
```

IV. CHRONOLOGICAL PRISONER HISTORY

```
    INST                       ADMIT        RELEASE      DAYS    ACTION OR
    CODE   INSTITUTION NAME    DATE         DATE         BOARDED DISPOSITION
    6DW    TARRANT COUNTY JAIL 04/12/2000   04/13/2000   1
    FTWD   FED. DET. FT. WORTH 04/13/2000   05/11/2000   28
    BND    ON BOND             05/11/2000   12/01/2000   1
    FTWD   FED. DET. FT. WORTH 12/01/2000   **/**/****   290

                               TOTAL DAYS BOARDED        320
```

V. MEDICAL EXPENSE HISTORY

```
    DATE SERVICE PROVIDED  VENDOR      SERVICE PROVIDED
        **/**/****                     NO MEDICAL SERVICES HAVE BEEN PROVIDED TO THIS PRISONER
```

THIS INFORMATION IS THE PROPERTY OF THE U.S. MARSHALS SERVICE AND SHALL NOT
BE PUBLICLY RELEASED OR DISSEMINATED WITHOUT U.S. MARSHALS SERVICE AUTHORITY.

****** END OF REPORT ******

757

# United States District Court

## NORTHERN DISTRICT OF TEXAS
### Fort Worth Division

UNITED STATES OF AMERICA

v.

THOMAS REEDY

JUDGMENT IN A CRIMINAL CASE

Case Number: 4:00-CR-054-Y (1)
Terri Moore, Assistant U.S. Attorney
Steven Jay Rozan, Attorney for Defendant

On December 1, 2000, the defendant, Thomas Reedy, after a plea of not guilty, was found guilty upon a jury verdict on counts 1-89 of the 89-count Superseding Indictment filed on May 17, 2000. Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(1) and (b)(1) | Conspiracy to Engage in Certain Activities Relating to Material Involving the Sexual Exploitation of Minors, a Class C Felony | May 17, 2000 | 1 |
| 18 U.S.C. §§ 2252 and 2 | Engaging in Certain Activities Relating to Material Involving the Sexual Exploitation of Minors and Aiding and Abetting, Class C Felonies | May 06, 1999<br>June 11, 1999<br>June 15, 1999<br>September 2, 1999 | 2-12<br>13-15, 21-24<br>16-20, 25, 31-37<br>26-30, 38-44 |
| 18 U.S.C. § 2252A(a)(1) and (b)(1) | Conspiracy to Engage in Activities Relating to Material Constituting or Containing Child Pornography, a Class C Felony | May 17, 2000 | 45 |
| 18 U.S.C. §§ 2252A & 2 | Engaging in Activities Relating to Material Constituting or Containing Child Pornography and Aiding and Abetting, Class C Felonies | May 6, 1999<br>June 11, 1999<br>June 15, 1999<br>September 2, 1999 | 46-56<br>57-59, 65-68<br>60-64, 69, 75-81<br>70-74, 82-88 |
| 18 U.S.C. §§ 2252A | Engaging in Activities Relating to Material Constituting or Containing Child Pornography, a Class C Felony | September 8, 1999 | 89 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant pay a special assessment of $8,900 for counts 1-89 of the 89-count Superseding Indictment, which shall be due immediately.

The original Indictment is dismissed on the motion of the United States, as to this defendant only.

758

Certified a true copy of an instrument
on file in my office on _____
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

It is further ordered that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.: 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
Defendant's U.S. Marshal No.: 25673-077
Defendant's Date of Birth: January 23, 1963

August 6, 2001
Date of Imposition of Sentence

Defendant's Legal Address: 3012 Chippewa Trial
Fort Worth, Texas 76135

Defendant's Current Address: Federal Medical Center-Jail Unit
3150 Horton Road
Fort Worth, Texas 76119

TERRY R. MEANS
U.S. DISTRICT JUDGE

SIGNED August 9, 2001

## IMPRISONMENT

The defendant, Thomas Reedy, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 180 months on each of counts 1-89 of the 89-count Superseding Indictment. The sentence on each count shall run consecutively to each other to the extent necessary to produce a Life sentence.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Should the defendant ever be released from imprisonment, he shall be placed on supervised release for a term of 3 years on each of counts 1-89 of the 89-count Superseding Indictment. All terms of supervised release shall run concurrently pursuant to 18 U.S.C. § 3624(e).

While on supervised release, in compliance with the standard conditions of supervision adopted by this Court, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

759

(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon; and

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because the victims of this offense could not be identified.

## STATEMENT OF REASONS

The Court adopts as its findings of fact the statements and the guideline applications in the presentence report, paragraphs 1 through 136, and the addendum dated July 26, 2001, subject to and including any findings made by the Court at the defendant's sentencing hearing.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 43 |
| Criminal History Category: | I |
| Imprisonment Range: | Life |
| Supervised Release Range: | 2 to 3 years per count |
| Fine Range: | $25,000 to $250,000 (plus cost of imprisonment/supervision) |

The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines.