# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **S E C O N D  A M E N D E D**<br>**JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:00-CR-054-Y (1)<br>Ron Eddins, Assistant U.S. Attorney |
| THOMAS REEDY | Steven Jay Rozan, Attorney for Defendant |

  On December 1, 2000, the defendant, Thomas Reedy, after a plea of not guilty, was found guilty upon a jury verdict on counts 1-89 of the 89-count Superseding Indictment filed on May 17, 2000. On August 26, 2002, the Fifth Circuit Court of Appeals issued written findings remanding and vacating the sentence imposed. **On May 12, 2003, the Court re-sentenced the defendant in compliance with the holding of the Court of Appeals. On August 19, 2005, the Court of Appeals affirmed the sentenced imposed on May 12, 2003, except as to the sentence imposed on count 89, as to which the Court of Appeals vacated the sentence and remanded the case to this court for resentencing.** Accordingly, the defendant is resentenced as to **count 89, all other counts having been sentenced appropriately, all as follows**:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(1) and (b)(1) | Conspiracy to Transport in Interstate and Foreign Commerce Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, a Class C Felony | May 17, 2000 | 1 |
| 18 U.S.C. §§ 2252 and 2 | Transporting in Interstate and Foreign Commerce Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, a Class C Felony | May 6, 1999<br>June 11, 1999<br>June 15, 1999<br>September 2, 1999 | 2, 3, and 7<br>13 and 21<br>16, 25 and 31<br>26 and 38 |
| 18 U.S.C. §§ 2252A | Possession of Material Shipped in Interstate or Foreign Commerce Containing Child Pornography, a Class C Felony | September 8, 1999 | 89 |

 The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

  It is ordered that the defendant pay a special assessment of $1,200 for counts 1, 2, 3, 7, 13, 16, 21, 25, 26, 31, 38, and 89 of the 89-count Superseding Indictment, which shall be due immediately.

  The original Indictment is dismissed on the motion of the United States, as to this defendant only.

  It is further ordered that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Legal Address:<br>3012 Chippewa Trial<br>Fort Worth, Texas 76135 | August 29, 2005 Second Amended<br>Date of Imposition of Sentence |
| Defendant's Current Address:<br>Federal Medical Center-Jail Unit<br>3150 Horton Road<br>Fort Worth, Texas 76119 | *Terry R. Means*<br><br>TERRY R. MEANS<br>U.S. DISTRICT JUDGE |
| | SIGNED August 29, 2005 |

## IMPRISONMENT

The defendant, Thomas Reedy, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 180 months on each of counts 1, 2, 3, 7, 13, 16, 21, 25, 26, 31, 38, **and 60 months on count 89** of the 89-count Superseding Indictment. The sentence on each count shall run consecutively to each other to the extent necessary to produce a life sentence.

The Court strongly recommends that the United States Bureau of Prisons not classify the defendant as a violent sex offender. Mr. Reedy's crimes, though very serious, did not involve any direct contact with any person and they do not suggest to the Court any need for solitary confinement or even maximum security. The Court has no opinion, of course, on Mr. Reedy's need for protection from other inmates.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Should the defendant ever be released from imprisonment, he shall be placed on supervised release for a term of 3 years on each of counts 1, 2, 3, 7, 13, 16, 21, 25, 26, 31, 38, and **2 years on count 89** of the 89-count Superseding Indictment. All terms of supervised release shall run concurrently pursuant to 18 U.S.C. § 3624(e).

While on supervised release, in compliance with the standard conditions of supervision adopted by this Court, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon; and

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

                                                          _____

                                                          United States marshal

                                                          BY  _____

                                                                deputy marshal