ORIGINAL

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
APR 30 2012
CLERK, U.S. DISTRICT COURT
By _____ KG
Deputy

PRISON #25673-177
P.O. Box 1000
Marion, IL 62959

UNITED STATES OF AMERICA,

    Respondent,

v.

THOMAS REEDY,

    Petitioner, pro-se.

---

U.S. DIST. CT. NO. 4:07-CV-24
U.S. DIST. CT. NO. 4:00-CR-54-1-Y
U.S. APP. CT. NO. 09-10009

---

MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY, APPOINTMENT OF
COUNSEL AND PROCEEDING IN FORMA PAUPERIS

---

1. Name and location of court which entered the judgment of conviction under attack: U.S. District Court for the Northern District of Texas, 501 West 10th St. Ft. Worth, TX 76102.

2. Date of judgment of conviction: Dec. 1, 2000.

3. Length of sentence: 1,335 years.

4. Nature of offense involved: Count 1—Conspiracy to commit sexual exploitation of minors in violation of 18 U.S.C. § 2255(a)(1) and (b)(1); Counts 2-44—Sexual exploitation of minors and aiding and abetting in violation of 18 U.S.C. § 2252 and 2; Count 45—Conspiracy to commit activities relating to material constituting or containing child pornography in violation of 18 U.S.C. § 2252(a)(1) and (b)(1); Counts 46-88—Activities relating to material constituting or containing child pornography and aiding and abetting in violation of 18 U.S.C. §

- 1 -

2252A and 2; Count 89—Activities relating to material constituting or containing child pornography in violation of 18 U.S.C. § 2252A.

5. What was your plea? Not guilty.

6. Kind of trial: Jury

7. Did you testify at trial? No.

8. Did you appeal from the judgment? Yes.

9(a) Name of Court: U.S. Court of Appeal for the Fifth Circuit.

 (b) Result: Conviction affirmed, remanded for resentencing.

 (c) Date of result: October 16, 2002.

 (d) Resentencing 1: Counts 1-10—Aiding and abetting—15 years each (consecutively)
 Count 11—Conspiracy—15 years(consecutive)
 Count 12—Possession—15 years(consecutive)
 Total: 180 years

 (e) Result date: May 12, 2003.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes.

 (a)(1) Name of court: U.S. Court of Appeals for the Fifth Circuit.

   (2) Nature of proceeding: Appeal of resentencing.

   (3) Result: Counts 1-11 affirmed, remanded for resentencing on Count 12.

   (4) Result date: August 15, 2005.

   (5) Resentencing & Date: August 29, 2005 (Count 12 reduced to 5 years (Consecutive)).

10(b)(1) Name of court: U.S. District Court for the Northern District of Texas.

   (2) Nature of proceeding: Motion to Vacate, Set aside or correct sentence.

   (3) Grounds raised: (a) Denial of effective assistance of counsel for failure to investigate and prepare impeachment witnesses identified to him prior to trial.

   (b) Denial of effective assistance of counsel for failure to investigate and prepare impeachment evidence that was made available to him prior to trial.

   (c) Denial of effective assistance of counsel for failure to investigate and prepare exculpatory evidence that was made available to him prior to trial.

  (d) Denial of effective assistance of counsel for failure to investigate and prepare exculpatory witnesses who were made known to him prior to trial.

  (e) Denial of effective assistance of counsel for failure to investigate the expertise and records of prosecution witnesses who were made known to counsel prior to trial.

  (f) Denial of effective assistance of counsel for failure to identify a conflict of interest between a critical government witness and counsel, resulting in the admission of false evidence given by that witness.

  (g) Newly discovered evidence of false testimony by prosecution witness.

  (h) Gross prosecutorial misconduct for presenting false and misleading testimony by witnesses.

  (i) Ineffective assistance of post-conviction (sentencing) counsel for failing to prepare and present a motion for new trial based on the tainting effect of prosecution witness Mike Marshall's testimony.

  (j) Denial of counsel of choice by government misconduct in seizing nearly all of defendant's assets prior to trial forcing him to resort to a defense team not economically capable of effectively defending the case

 (4) Did you receive an evidentiary hearing on your petition, application or motion? No.

10(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion? Yes.

11. State concisely every ground on which you claim that you are being held unlawfully:

 A. <u>Grounds</u>: Petitioner was denied effective assistance of counsel by counsel's failure to inspect copies of the computer servers provided by the government pursuant to discovery.

 B. <u>Supporting Facts</u>: As is more fully explained in Petitioner's Brief, defense counsel, Wes Ball's failure to inspect copies of computer servers received as part of the discovery process was a gross violation of his duty to act as Petitioner's advocate and as the

government's adversary at trial. As a result, crucial impeachment and exculpatory evidence was missed. The government provided copies of the servers reflecting file dates of 9/8/99 (the date of seizure and alleged back up copies) for all external files. Further, log files indicate dates after the 9/8/99 corruption, a technical impossibility if the evidence had been forensically gathered correctly. As argued in the Brief, every piece of government evidence had a nexus to the tainted servers and was therefore touched by the taint. This corrupted discovery undermines confidence in the results of the entire trial as a whole. Due to defense counsel's ineffectiveness, Petitioner was unaware of this breach at trial and thus unable to assist properly in his own defense, a right awarded to him, particularly important in view of the complete scientific nature of the computer data evidence. If Ball had actually inspected the servers, or utilized an "expert" witness well versed in Unix code, he would have discovered the corruption and been able to move for suppression while also investigating whether the true dates of data manipulation and modification also reflected forensic taint on the original server data. At the very least, defense could have been fully prepared by obtaining uncorrupted copies of the servers in order to not only develop alternative theories and strategies, but also to have been fully informed when making the initial decision whether to accept the government's plea offer. This case, when viewed in its totality of representation, is replete with ineffective assistance and errors by counsel all of which can be traced back to counsel's failure to inspect this critical evidence. Petitioner argues this ineffectiveness included, but was not limited to: Failure to inspect evidence received; Failure to properly supervise defense's "expert witness" in reviewing complex evidence; Failure to prepare fully for impeachment of government witnesses and present exculpatory witnesses using the evidence of the tainted server copies; and Failure to properly inform Petitioner of the possible results at trial while considering the plea offer made prior to opening statements.

12. If any of the grounds listed were not previously presented, state briefly what grounds were not presented, and give your reasons for not presenting them:

    The grounds presented were not previously presented to this Court as they are based on newly discovered evidence and clarified as result of a new United States Supreme Court ruling regarding the plea discussion. The corruption of the computer servers went undiscovered due to prosecution's failure to provide clean copies or indicate the corruption to defense counsel with explanation, as well as defense counsel's ineffectiveness in failing to inspect this crucial evidence. Petitioner has been continuously incarcerated since the date of conviction in 2000. Due to defense counsel's ineffective representation, Petitioner had no access to Landslide server files or data at any time until recently.

13. Do you have any petition or appeal now pending in any court as to the judgment under attack?  No.

14. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    a. At preliminary hearing:  None

    b. At arraignment and plea: Wes Ball, 4025 Woodland Park Blvd. Suite 100, Arlington, TX 76013 (817) 860-5000

    c. At trial: Same as b.

    d. At sentencing: Steve Rozan, Houston, TX.

    e. On appeal: Same as d.

    f. On resentencing appeal: Kenneth M. Tuccillo, 385 Warburton Ave., Hastings-On-Hudson, NY 10706.

    g. In any other post-conviction proceedings: pro-se.

15. Were you sentenced on more than one count of an indictment, or more than one indictment, in the same court and at approximately the same time?  Yes.

16. Do you have any further sentence to serve after you complete the sentence imposed by the judgment under attack?  No.

**WHEREFORE**, Petitioner, THOMAS REEDY, prays that the Court grant him an order including the following:

   a. That the Court vacates its earlier conviction on all counts and releases the Petitioner immediately;

   b. In the alternative, the Court grants an evidentiary hearing to Petitioner in a timely fashion with any concomitant discovery for same. Additionally, counsel is assigned to Petitioner for purposes of gathering discovery evidence and assistance at the hearing;

   c. Petitioner is granted permission to proceed in forma pauperis in this case.

   d. Such other or further relief to which the Petitioner is entitled as is considered fair and just by this Court.

Respectfully Submitted,

THOMAS REEDY, pro-se

I certify under penalty of perjury that the foregoing is true and accurate.

DATE: 4-19-12

Signature of Petitioner: THOMAS REEDY, pro-se

## AFFIDAVIT OF SERVICE

I hereby affirm that I have served one copy of the foregoing MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, APPOINTMENT OF COUNSEL AND PROCEEDING IN FORMA PAUPERIS on the United States Attorney for the Northern District of Texas by mailing same by First Class Mail, proper postage pre-paid, upon deposit in the institution legal mail addressed to: 1100 Commerce St., Third Floor, Dallas, TX 75242-1699 on this 19th day of April, 2012.

Thomas Reedy, Petitioner, pro-se

\* The rest of these Court Papers for Thomas Reedy were sent to this wrong address: 1100 Commerce St. 3rd Floor Dallas, TX. 75242-1699 on 04-26-12. Did not have correct address at that time. I have sent a letter to that address letting them know about this mistake.

**UNITED STATES POSTAL SERVICE**

Date: 04-27-12

Dear Postal Customer:

During the processing of your package the contents became unsecured and required rewrapping in order to forward it to its destination.

We realize your mail is important to you and you have every right to expect it to be delivered intact and in good condition. The Postal Service makes every effort to properly handle all mail that has been entrusted. Unfortunately, occasional damage may occur to individual pieces of mail.

If the contents of your parcel is not satisfactorily accounted for and you wish a search to be made for any missing articles, please furnish an accurate and detailed description of each item. This should include brand or make, model number, color, size, material, quantity, sender name and of addressee. The date the parcel was mailed or received will also help to expedite the search. All pertinent information regarding the description should be sent to:

ATLANTA MAIL RECOVERY CENTER
P O BOX 44161
ATLANTA GA  30336-9590

We are constantly striving to improve our processing methods to avoid damages. We sincerely regret any inconvenience to you



Return address:
Thomas Reedy 25673-177
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
2012 APR 30  AM 11:13
CLERK OF COURT

Addressed to:
25673-177
District Court Clerk
501 W 10TH ST
FORT Worth, TX 76102-3673
United States

Special Legal Mail
Legal Mail

U.S. POSTAGE PAID
MARION, IL
APR 23, 12
AMOUNT $0.00
0008647702
1004  76102

USPS TRACKING NUMBER
9502 5108 6477 2114 3913 35



Marion
United States Penitentiary
Marion, Illinois 62959

Date:

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.