**FILED**
**July 17, 2023**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals for the Fifth Circuit

_____

No. 22-10708
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit
**FILED**
May 25, 2023
Lyle W. Cayce
Clerk

United States of America,

    *Plaintiff—Appellee*,

versus

Thomas Reedy,

    *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-54-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

    Thomas Reedy, federal prisoner # 25673-177, filed a notice of appeal following the denial of his Federal Rule of Civil Procedure 60(b) motion for relief from judgment. The district court denied the Rule 60(b) motion as untimely. Reedy argues that a constitutional violation rendered his conviction void, and that the time limit for a Rule 60(b) motion therefore did

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10708

not apply. He has also filed motions to compel and for summary disposition. Reedy's Rule 60(b) motion attacked his convictions on the merits, arguing that they were unconstitutional due to the Supreme Court's ruling in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), and due to the multiplicity of the charges.

We have a continuing duty to consider, sua sponte, if necessary, the basis of the district court's jurisdiction and this court's own jurisdiction. *See Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.2 (5th Cir. 1987); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). To the extent that Reedy's motion was an attempt to attack the criminal judgment itself under Rule 60(b), he appealed the denial of a "meaningless, unauthorized motion," *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994), because the Federal Rules of Civil Procedure do not apply to criminal cases. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 81. Accordingly, we dismiss the appeal, in part, as frivolous. *See* 5th Cir. R. 42.2.

To the extent that Reedy's Rule 60(b) motion challenged the prior denial of 28 U.S.C. § 2255 relief, the issuance of a COA is a jurisdictional prerequisite. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 886-88 (5th Cir. 2007); *see also United States v. Jiminez-Garcia*, 951 F.3d 704, 705 (5th Cir. 2020). Although Reedy did not expressly request a COA, we construe his notice of appeal as such a request. *See* Fed. R. App. P. 22(b)(2). However, because the district court did not rule on whether Reedy is entitled to a COA, we lack jurisdiction to consider it. *Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018).

We decline to remand for a COA ruling because doing so would be futile and a waste of judicial resources. *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). A challenge to the denial of Rule 60(b) relief here would be frivolous because the Rule 60(b) motion was indisputably, in reality, an

No. 22-10708

unauthorized successive 28 U.S.C. § 2255 motion, which the district court lacked jurisdiction to consider. *See United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530-32 & n.4 (2005). Therefore, no reasonable jurist could conclude that the district court abused its discretion in denying Reedy Rule 60(b) relief. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011); *see also* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

Accordingly, this appeal is DISMISSED in part as frivolous and in part for lack of jurisdiction, and Reedy's constructive COA request is DENIED. *See Alvarez*, 210 F.3d at 310; *see also Black*, 902 F.3d at 545; *Ochoa Canales*, 507 F.3d at 886-88. Reedy's motions to compel and for summary disposition are DENIED as moot.