# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Report on Person Under Supervision - Court Decision Requested

| | |
|---|---|
| Person Under Supervision: | Thomas Reedy          Case No.: 4:00-CR-054-Y(01) |
| Name of Sentencing Judge: | Senior U.S. District Judge Terry R. Means |
| Date of Original Sentence: | August 6, 2001 |

**Original Offense:**

Ct. 1: Conspiracy to Engage in Certain Activities Relating to Material Involving the Sexual Exploitation of Minors, 18 U.S.C. §§ 2252(a)(1) and (b)(1), a Class C Felony

Cts. 2-12, 13-15, 21-24, 16-20, 25, 31-37, 26-30, 38-44: Engaging in Certain Activities Relating to Material Involving the Sexual Exploitation of Minors and Aiding and Abetting, 18 U.S.C. §§ 2252 and 2, Class C felonies

Ct. 45: Conspiracy to Engage in Activities Relating to Material Constituting or Containing Child Pornography, 18 U.S.C. § 2252A(a)(1) and (b)(1), a Class C felony

Cts. 46-56, 57-59, 65-68, 60-64, 69, 75-81, 70-74, 82-88: Engaging in Activities Relating to Material Constituting or Containing Child Pornography and Aiding and Abetting, 18 U.S.C. § 2252A & 2, Class C felonies

Ct: 89: Engaging in Activities Relating to Material Constituting or Containing Child Pornography, 18 U.S.C. § 2252A, a Class C felony

**Original Sentence:**

180 months on each of counts 1-89 of the 89-count Superseding Indictment. The sentence on each count shall run consecutively to each other to the extent necessary to produce a Life sentence, 3 years of supervised release on each of counts 1-89 of the 89-count Superseding Indictment. All terms of supervised release shall run concurrently pursuant to 18 U.S.C. §3624(e).

**Amended Offense:**

Ct. 1: Conspiracy to Transport in Interstate and Foreign Commerce Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, 18 U.S.C. §§ 2252(a)(1) and (b)(1), a Class C Felony

Cts. 2, 3, 7, 13, 16, 21, 25, 26, 31, and 38: Transporting in Interstate and Foreign Commerce Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, 18 U.S.C. §§ 2252 and 2, Class C felonies

Ct. 89: Possession of Material Shipped in Interstate or Foreign Commerce Containing Child Pornography, 18 U.S.C. § 2252A, a Class C felony

**Amended Sentence:**

May 12, 2003: 180 months custody on each of counts 1, 2, 3, 7, 13, 16, 21, 25, 26, 31, 38, and 89 of the 89-count Superseding Indictment. The sentence on each count shall run consecutively to each other to the extent necessary to produce a Life sentence, 3-year term of supervised release on each of counts 1, 2, 3, 7, 13, 16, 21, 25, 26, 31, 38, and 89 of the 89-count Superseding Indictment. All terms of supervised release shall run concurrently pursuant to 18 U.S.C. §3624(e). March 8, 2024: Custody sentence reduced to Time Served pursuant to 18 U.S.C. § 3582.

Type of Supervision:  Supervised Release       Date Supervision Commenced:  March 8, 2024

Assistant U.S. Attorney:  Aisha Saleem            Defense Attorney:  Don Davidson
                                                              (Court appointed)

## Notification To The Court For Cause As Follows:

### I.

The following information/request is being presented for the Court's review and decision:

On January 9, 2026, Thomas Reedy (Mr. Reedy) filed a Motion for Early Termination of Supervised Release. Mr. Reedy began his term of supervised release in the Northern District of Texas, Dallas Division. Mr. Reedy released to the Volunteers of America (VOA), Hutchins, Texas, as Your Honor authorized him to remain there for 180 days. Mr. Reedy was unable to secure a residence and on June 3, 2024, during his status conference before the Court, it was agreed that his term in the VOA should be extended as a precaution in the event he was unable to secure a residence. Mr. Reedy began testing positive for THC in August 2024. Your Honor was made aware as Mr. Reedy requested through a motion to allow medical marijuana for his glaucoma issues. Your Honor denied the motion on October 30, 2024. The U.S. Probation Office continued to work with Mr. Reedy and Your Honor informed U.S. Probation Officer Darnell Edmond that the Court would not like to take action as long as Mr. Reedy has his own residence, and that vaping CBD oil is not illegal. Mr. Reedy sells items through the internet and freelances computer programing to develop websites to supplement his Social Security income. In February 2025, Mr. Reedy relocated to 4537 Stigall Street, Dallas, Texas. In October 2025, Mr. Reedy requested to relocate to Brownwood, Texas, as his rent in Dallas was too high. On October 23, 2025, Mr. Reedy relocated to a private lot at 7129 Verde Drive, Brownwood, Texas, and is residing alone in a van that is modified for efficiency living. Since his release, Mr. Reedy has complied with all Court ordered conditions, established a personal residence, and has stable income. He is current with his sex offender registration requirements. Mr. Reedy has completed over 22 months of his 36-month term of supervised release. A criminal records check was completed on February 13, 2026, which revealed he has no new criminal history since being placed on supervised release.

### II.

The probation officer recommends the following action for the Court to consider:

According to The Guide to Judiciary Policy Part E 360.20, under 18 U.S.C. §§ 3564(c) and 3583(e)(1), the Court may terminate terms of supervised release or probation in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice. According to 360.20(e), at 18 months, there is a presumption in favor of recommending early termination for persons who meet the following criteria:

(1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;

(2) The person presents no identified risk of harm to the public or victims;

(3) The person is free from any court-reported violations over a 12-month period;

(4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;

(5) The person is in substantial compliance with all conditions of supervision; and

(6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

According to 360.20(e)(1), it appears Mr. Reedy does not meet the criteria for early termination of supervision based upon his offenses. Therefore, the U.S. Probation Officer does not recommend early termination of Mr. Reedy's supervision, and the U.S. Probation Officer recommends Mr. Reedy be continued on supervision until his term of supervised release expires on March 7, 2027.

The Office of the U.S. Attorney was advised of the defendant's Motion for Early Termination of Supervised Release. Assistant U.S. Attorney Aisha Saleem concurs with the U.S. Probation Officer's recommendation that due to the nature of his instant offense; early termination is not appropriate.

I declare under penalty of perjury that
the foregoing is true and correct.

Executed on February 13, 2026
Respectfully submitted,

Approved,

s/Martin Hernandez, Jr.
U.S. Probation Officer
Abilene Division
Phone:  325-690-3985
Email: martin_hernandez@txnp.uscourts.gov

s/Richard A. Cortinaz
Supervising U.S. Probation Officer
Phone:  325-486-4070

**Order of the Court:**

☐    Agrees with the recommendation of the probation officer.

☐    Disagrees with the recommendation of the probation officer.

☒    Other or Additional: The Court agrees with the defendant's Motion for Early Termination of Supervised Release and orders that Thomas Reedy be discharged from supervision and the proceedings in this case be terminated.

☐    File under seal until further order of the Court.

*Terry R. Means*
_____
Terry R. Means
U. S. District Judge

February 24, 2026
_____
Date

MH